**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NARAINE MCKENZIE,<br>Petitioner,<br><br>vs.<br><br>ANDY CRUZ, Warden, Federal Detention Center, Philadelphia, *et al.*,<br>Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>No. 26-cv-8876-JMY |

**ORDER**

**AND NOW**, this 25th day of November, 2026, upon consideration of Petitioner's Petition for Writ of Habeas Corpus (hereinafter "Petition", ECF No.1), and the Government's Response in Opposition thereto (ECF No. 5), it is hereby **ORDERED** that, for the reasons explained in the Court's November 6, 2026 memorandum opinion in *Luna v. Warden*, 26-cv-7492-JMY, ECF No. 25, the petition is **GRANTED**[1] as follows:

1. Respondents shall immediately release Petitioner from custody and file confirmation of such release on the Court's electronic docket;
2. Respondents shall return Petitioner's personal property, including identification and documents; and
3. Respondents shall not place additional restraints such as electronic monitoring on Petitioner, and shall not re-detain Petitioner under the immigration laws of the United States pending a final determination in his removal proceedings.

BY THE COURT:

/s/ *John Milton Younge*
**Judge John Milton Younge**

[1] Petitioner has resided in Philadelphia, Pennsylvania since approximately 2021. (Petition ¶ 17.) Since arriving in the United States, Petitioner has built a community in West Philadelphia. (*Id.*) Petitioner is married to a United States Citizen and works as a supervisor at Aer Lingus based in the Philadelphia International Airport. (*Id.*) Petitioner filed a timely I-589 application for asylum. (*Id.* ¶ 18.) On November 19, 2026, the day that Petitioner was arrested by ICE agents, he was traveling to state court in relationship to a criminal complaint made against him by his friend. (*Id.*) Petitioner was riding in a car that was operated by this friend,

and they were both traveling together to attend Petitioner's state court hearing where they were going to request that charges against Petitioner be withdrawn. (*Id.*) When the car stopped at Spring Garden Street and Lancaster Avenue, ICE agents put on their sirens, pulled the car over, and detained the Petitioner. (*Id.*) The criminal complaint filed against Petitioner in state court was ultimately withdrawn. (Memorandum in Support of Petition, ECF No. 6.)

As the Court explained in *Luna*, detention of a noncitizen under 8 U.S.C. § 1226(a) – as the Government seeks to do here – requires both; a Form I-200 Department of Homeland Security administrative arrest warrant that predates the noncitizen's arrest by ICE agents, and an individualized determination that the noncitizen is a flight risk or a danger to the community. Therefore, the fact pattern of the case *sub judice*, is distinguishable from that of *Luna* because in this instance, the Government comes forward with evidence to show that it obtained an arrest warrant prior to detaining the Petitioner. However, just as in *Luna*, the Government comes forward with no evidence to suggest that it made an individual determination that Petitioner presented a flight risk or danger to the community prior to detaining him. (Response in Opposition, ECF No. 5.) Both the Arrest Warrant and the Notice to Appear that were issued in the case *sub judice* are based on the concept that Petitioner was a removable alien who was in the United States in violation of the laws of the United States. (Arrest Warrant, ECF No. 5-3; Notice to Appear, ECF No. 5-4.) Because the Government came forward with no evidence to suggest that it detained Petitioner based on an individual assessment that he is a flight risk or danger to the community, the Court finds that the Petitioner's detention was unlawful and violated due process; therefore, exhaustion of his administrative remedies is excused. *See Regalado-Nauta v. Jamison*, 2026 WL 2740528, at *3 (E.D. Pa. Sept. 16, 2026) ("The initial custody determination requires an individualized determination as to whether the non-citizen is a danger to property or persons and is likely to appear for any future proceeding."); *Vieira Dos Reis v. McShane*, 2026 WL 1746649, at *4 (E.D. Pa. June 17, 2026) ("A later bond hearing does not necessarily cure the alleged constitutional deprivation that preceded it.").